## Sparks v. Moore.

(Decided February 2, 1926.)

### Appeal from Pike Circuit Court.

Subscriptions—Consideration for Subscription Note Held Not to have Failed.—Contract covering subscription to fund for acquisition of depot site and street leading thereto held not to contemplate paving of street in rear of subscriber's lot; and hence failure to pave it was not failure of consideration for subscription note.

L. J. MAY for appellant.

MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Lida H. Moore sued R. L. Sparks on two notes of $166.66 2/3 each. Defendant pleaded that at the time and place of the execution of the notes sued on he executed three notes of like amount, all of which were held by plaintiff, but one of which had not matured. At that time the C. & O. R. R. Co. contemplated the erection of a new passenger depot in the city of Pikeville; that it was proposed to extend Carolina avenue in that city through the lands of Mrs. Lida H. Moore from Second street to the C. & O R. R. right-of-way and to pave a street forty

feet wide adjoining the right-of-way of the railroad from Huffman avenue to Division street; he owned a business house facing Second street and running back to the C. & O. R. R. right-ofway, it being the third lot from Carolina avenue as extended; that a paved street running down to Division street would have passed the rear of his store building; that in consideration of the premises stated he signed the subscription contract and the notes in question; that later Carolina street was opened as contemplated and a street forty feet in width was paved along the line of the C. & O. R. R. from Huffman avenue on to Carolina street and in the rear of the lot of Mrs. Moore; but that in violation of the contract such pavement extended no further, leaving the rear of his lot unpaved, and thereby the consideration for his note had failed. He prayed that the cause be transferred to equity and that all three notes be canceled.

It appears in evidence that the citizens of Pikeville desired a new passenger station. The railroad company was willing to construct this if it could acquire additional grounds. Mrs. Lida H. Moore, then Mrs. Lida E. Hellier, wned a city block adjoining the railroad right-of-way, north of Huffman avenue. She agreed to accept $9,000.00 for a strip 41 feet wide the full length of her property and for sufficient land to extend Carolina avenue to intersect therewith. Fon Rogers, a public spirited citizen, solicited subscriptions for that purpose and procured appellant's signature thereto, but it is not claimed that he made any representations other than appear in the written contract of subscription set out below, nor does appellant testify that any one else connected with the matter agreed to do so, except there was some loose talk among the subscribers that the forty foot strip next to the right-of-way would be extended on from Carolina avenue to Division street and paved. The writing is in these words:

"CONTRACT.

"ARTICLES OF AGREEMENT, made and entered into on this the 26th day of August, 1921, by and between Pikeville Supply and P. Mill Co., Foster Thornburg Hadwe. Co., Pikeville National Bank, J. F. Pauly, Fon Rogers, J. W. Call, Huffman Bros., Martin Collinsworth, A. S. Ratcliffe, Zach Justice, Stella Starkey, the New Drug Store, G. H. Hughes,

R. L. Spark, all of Pikeville, Kentucky, parties of the first part, and Fon Rogers, trustee of Pikeville, Kentucky, party of the second part.

"WITNESSETH: That

"WHEREAS, each of the parties of the first part is the owner of real estate in Pikeville, Kentucky, near the property now occupied by Mrs. Lida E. Hellier as a residence, and,

"WHEREAS, the party of the second part has been negotiating with the Chesapeake & Ohio Railroad Company to secure a new depot in Pikeville, Kentucky, to be located on the property owned by Mrs. Lida E. Hellier and her two infant sons, James E. Hellier and Charles E. Hellier, the same to be located on the Chesapeake and Ohio right-of-way.

"Beginning at proposed extension of Carolina avenue and where same adjoins the right-of-way of the C. & O. Railroad Company; and thence running with the said C. & O. Railway Company right-of-way to Huffman street; thence with Huffman street in an easterly direction 41 feet; and thence parallel with the said C. & O. right-of-way to the proposed extension of Carolina avenue or at a stake 300 feet from Huffman street so as to maintain a width of 41 feet at all points from the C. & O. rightof-way; and,

"WHEREAS, in order to secure the location of said depot at the aforesaid place, it is necessary that Carolina avenue be extended through the property of the said Mrs. Lida E. Hellier and her two sons from Second street to the said C. & O. railway right-of-way; and,

"WHEREAS, the party of the second part has made arrangements to secure the aforesaid described lot for a depot site and extension of said Caroline avenueh from te owners for the consideration of nine thousand ($9,000.00) dollars, and the paving of said street and building of said sidewalks free of cost to Mrs. Lida E. Hellier and her two sons;

"Now, THEREFORE, in consideration of the premises as recited above, and the further consideration of the advantages that will result to parties of the first part and the enhancement in the value of their property by reason of the opening of said street and the location of said depot, the parties of the first part do hereby agree and bind themselves to pay to the party of the second part the amounts set out op-

posite their names for the aforesaid purposes, to-wit:

Name of subscriber.          Amount.

"And we do further hereby agree and bind our-selves to pay the aforesaid sums of money hereby subscribed to the party of the second part as fol-lows: $2,000.00 cash in hand paid, $1,000.00 of which is to be paid by the Pikeville National Bank and $1,000.00 by Fon Rogers, and the balance to be evi-denced by satisfactory notes of the parties of the first part that do not pay in cash, payable in one, two and three years from date of location of said depot site.

"In witness whereof, each of the parties have hereunto subscribed their names, the day and year aforesaid.

.............................................................................."

The notes were signed in conformity with the written agreement. The cash subscriptions were paid to Mrs. Moore and she selected such of the notes as she desired up to the amount of $9,000.00. They were regularly en-dorsed to her before maturity. There is no plea or evi-dence of fraud or mistake and the contract is so clear and explicit that no one could misunderstand its mean-ing. It does not even intimate that any part of the prop-erty is to be paved except Carolina avenue as extended and the street between Mrs. Hellier's property and the right-of-way. These matters are so patent as not to merit discussion, and the court properly instructed the jury to find for plaintiff.

Wherefore, perceiving no error, the judgment is affirmed.